IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BRETT KIMBERLIN,

 Plaintiff,

v.          Case No.: GJH-16-1211

MITCH McCONNELL, et al.,

 Defendants.

### MEMORANDUM OPINION

This matter is before the Court on Brett Kimberlin's pro se Complaint filed pursuant to 28 U.S.C. §1331 seeking declaratory relief against United States Senators Mitch McConnell, Majority Leader of the United States Senate, and Charles Grassley, Chairman of the Senate Judiciary Committee. ECF No. 1. Upon review of the Complaint, the Court deems it appropriate to dismiss this case for lack of standing. *See* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### I. BACKGROUND[1]

Kimberlin is a Maryland resident and the Director of Justice Through Music, a non-profit organization dedicated to promoting tolerance, pluralism and progressive values. ECF No. 1 ¶ 1. Kimberlin states his work "includes seeking redress in federal court for violations of his civil and statutory rights." *Id.*

---

[1] For the motion to dismiss, the well-pleaded allegations in Kimberlin's Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Kimberlin faults Senators McConnell and Grassley for publically announcing they will take no action on the nomination of United States Court of Appeals Judge Merrick Garland to the Supreme Court. *Id.* ¶¶ 7–10. Kimberlin's claimed injury is that he is involved in three cases pending in federal court that "have the potential of being considered by the Supreme Court" and he is entitled to have his cases heard by a full nine-member Supreme Court bench. *Id.* ¶ 11.[2] As relief, Kimberlin asks for a declaratory judgment against Defendants "declaring that Defendants Mitch McConnell and Charles Grassley have waived the Senate's right to advise and consent with regard to the nomination of Merrick Garland." *Id.* at 4.

## II.   DISCUSSION

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases and controversies.'" *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011) (citing *Allen v. Wright*, 468 U.S. 737 (1984)). "Standing is an essential and unchanging part of that case-or-controversy requirement." *Id.* In *Lujan v. Defenders of Wildlife*, the Supreme Court held that in order to establish standing in federal court, three elements must be satisfied: (1) the plaintiff must have suffered an injury in fact that is not "conjectural" or "hypothetical"; (2) a causal connection must exist between the injury and the challenged conduct; and, (3) it must be likely that a decision in the plaintiff's favor will redress the injury. 504 U.S. 555, 560–61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Here, Kimberlin's Complaint fails to show he has suffered injury in fact. Instead, his allegation of harm is speculative and prospective as he has no case before the Supreme Court. Additionally, Plaintiff does not allege how a vacancy on the Supreme Court would cause him injury if he did have a pending case. *See Raiser v. Daschle*, 54 F. App'x 305, 307 (10th Cir. 2002) ("The

---

[2] The cases are: *Kimberlin v. Frey*, No. GJH-13-3059 (D. Md); *Kimberlin v. Hunton & Williams*, No. GJH-15-0723 (D. Md.); and, *Public Citizen v. FEC*, No. RJL-14-148 (D.D.C). ECF 1 ¶ 11.

pendency of other litigation initiated by Raiser is insufficient to give him standing to challenge the Senate's referral of judicial nominations to the Judiciary Committee [and] his claims of alleged delay because of vacancies in the courts do not establish an injury."). Furthermore, Kimberlin fails to satisfy the second and third requirements for standing because he fails to address, much less demonstrate, how the declaratory relief he requests would redress such unspecified future injury. Kimberlin fails to satisfy the constitutional requirements for Article III standing.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is DISMISSED. A separate Order shall follow.

Dated: June 3, 2016

GEORGE J. HAZEL
United States District Judge